**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

JAMES J. DOUGHTY,

                                Plaintiff,

    v.                                          No. 14-CV-265
                                                (GTS/CFH)

CAROLYN W. COLVIN, Commissioner of
Social Security,

                                Defendant.

---

**APPEARANCES:**                              **OF COUNSEL:**

OLINSKY LAW GROUP                HOWARD D. OLINSKY, ESQ.
Attorney for Plaintiff
300 S. State Street
Suite 420
Syracuse, New York 13202

HON. RICHARD S. HARTUNIAN       SIXTINA FERNANDEZ, ESQ.
United States Attorney for the          Special Assistant United States Attorney
   Northern District of New York
Attorney for Defendant
100 South Clinton Street
Syracuse, New York 13261-7198

**CHRISTIAN F. HUMMEL
United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

On March 10, 2014, counsel for James Doughty ("Doughty") initiated this action, pursuant to 42 U.S.C. § 405(g), seeking review of a decision by the Commissioner of Social Security denying his application for disability benefits. Compl. (Dkt. No. 1). On June 25, 2014, defendant filed a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that because Doughty failed to file his complaint within the proscribed sixty-day filing period, the Court lacks subject matter jurisdiction to entertain the action. Dkt. No. 8. Doughty did not oppose the motion. Dkt. No. 9. For the

reasons stated below, it is recommended that defendant's motion be granted.

## I.  Background

On October 18, 2010, Doughty filed an application under Titles II and XVI of the Social Security Act for benefits due to disability occurring since November 1, 2006.  Dkt. No. 8-2 at 9.  In a written decision dated December 12, 2011, after presiding over a hearing, administrative law judge ("ALJ") Stanley K. Chin found that Doughty had the residual functional capacity ("RFC") to perform jobs that exist in significant numbers in the national economy.  Dkt. No. 8-2 at 6-16; see also Lingen Decl. (Dkt. No. 8-2 at 1-5) ¶ 3(a).

Doughty appealed the ALJ's denial of benefits to the Appeals Council.  Lingen Decl. ¶ 3(a).  "On June 8, 2013, the Appeals Council sent, by mail addressed to the plaintiff . . . notice of its action on the plaintiff's request for review and of the right to commence a civil action within sixty . . . days from the date of receipt."  Lingen Decl. ¶ 3(a); see also Dkt. No. 8-3 at 1-5 (Appeals Council denial).  All parties agree that Doughty had until August 12, 2013 to file a civil action.  Dkt. No. 8-3 at 6.

On March 10, 2014, counsel for Doughty filed a letter with the Appeals Council seeking an extension of time to file an action in federal court.  Dkt. No. 8-3 at 6.  In that letter counsel explained that their office had not received a copy of the Appeals Council action and had just learned of the denial.  Id.  On that same date, counsel also filed the instant action and an "Appointment of Representative" agreement which was dated March 2, 2014.  Compl.; Dkt. No. 8-3 at 7; Dkt. No. 8-3 at 8.

On June 4, 2014, the Appeals Council denied Doughty's request for an extension of

2

time to file a federal action. Dkt. No. 8-3 at 8-9. The Appeals Council reasoned that:

> [Counsel] stated that [it] could not file on time because [it] did not receive a copy of the Appeals Council's denial notice of June 8, 2013. [However, t]he evidentiary record, along with additional information received by the Appeals Council, indicates that Justin M. Goldstein represented [Doughty] before the Administrative Law Judge. On or about February 13, 2012, Mr. Goldstein filed a request for review of such decision. On May 29, 2012, Mr. Goldstein withdrew his representation of claimant. On June 8, 2013, the Council denied the claimant's request for review. Because Mr. Goldstein had withdrawn as [Doughty's] representative, the Council only sent its notice to [Doughty]. There is no indication or contention that [Doughty] did not receive his copy of the denial notice or that the U.S. Postal Service returned it as being undeliverable. . . [Thus, t]he Council has received no information, which would result in a basis for granting an extension of time to file a civil action or finding good cause for untimely filing . . . .

Id. at 8. The present action was filed on March 10, 2014, indisputably outside of the sixty-day time period.

## II. Discussion

### A. Standard of Review

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) (citing FED. R. CIV. P. 12(b)(1)). Federal courts are "duty bound . . . to address the issue of subject matter jurisdiction at the outset." Filetech S.A. v. France Telecom S.A., 157 F.3d 922, 929 (2d Cir. 1998). "In resolving the question of jurisdiction, the district court can refer to evidence outside the pleadings and the plaintiff asserting subject matter jurisdiction has

3

the burden of proving by a preponderance of the evidence that [jurisdiction] exists." Luckett v. Bure, 290 F.3d 493, 496-97 (2d Cir. 2002) (citations omitted); see also Societe Nationale d'Exploitation Industrielle des Tabacs et Allumettes v. Salomon Bros. Int'l Ltd., 928 F. Supp. 398, 402 (S.D.N.Y. 1996) ("[T]he Court need not accept as true contested jurisdictional allegations and may resolve disputed jurisdictional facts by reference to affidavits and other materials outside the pleadings.") (citing cases).

## B. Timely Filing

Absent Congressional consent to be sued, the United States is immune from suit and federal courts lack subject matter jurisdiction to entertain the suit. Makarova, 201 F.3d at 113 (quoting United States v. Mitchell, 445 U.S. 535, 538 (1980)). Where the United States waives sovereign immunity and consents to be sued, the terms of such consent define the court's jurisdiction to entertain the suit. Mitchell, 445 U.S. at 538 (citations omitted). In the case at bar, the express Congressional consent to suit can be found at 42 U.S.C. § 405(g), which authorizes judicial review of cases arising under Title II of the Social Security Act. Section 405(g) provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

It is clear from this statute that judicial review is only permitted in accordance with the terms therein:

> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be

4

> reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h); see also Panetta v. Astrue, No. 07-CV-1265, 2009 WL 511349, at *1 (N.D.N.Y. Feb. 27, 2009) (holding that "[t]he Social Security Act precludes judicial review of any finding of fact or decision of the Secretary except as provided in Section 405(g).") (quoting inter alia Weingerbeger v. Salfi, 422 U.S. 749 (1975)) (internal quotation marks omitted).

Indisputably, Doughty's complaint was untimely filed. "Because the 60-day time limit defines the terms on which the United States waives its sovereign immunity and consents to be sued, it is strictly construed." Davila v. Barnhart, 225 F. Supp. 2d 337, 338 (S.D.N.Y. 2002) (citing Bowen v. City of New York, 476 U.S. 467, 479 (1986); Randell v. United States, 64 F.3d 101, 106 (2d Cir. 1995)). However, the sixty-day limitation has been deemed subject to equitable tolling, which, "given the nature of social security . . . is not infrequently appropriate." Torres v. Barnhart, 417 F.3d 276, 279 (2d Cir. 2005) (citing Bowen v. City of New York, 476 U.S. 467, 480 (1986); State of New York v. Sullivan, 906 F.2d 910, 917 (2d Cir. 1990) (quotation marks omitted). "[E]quitable tolling requires a showing of both extraordinary circumstances and due diligence." Id. Thus, this Court does not have jurisdiction to hear Doughty's appeal unless equitable tolling applies.

It is plaintiff's burden to establish that equitable tolling should apply. Davila, 225 F. Supp. 2d at 339. Tolling has been deemed appropriate in circumstances "where the final notice was sent in English to a claimant accustomed to receiving such notices in

5

Spanish . . . , where the Commissioner failed to provide adequate notice of the procedural rules governing requests for extensions of filing time, . . . and where a pro se claimant received conflicting information about the filing deadline." Id. (internal citations omitted). Attorney errors may also be sufficient to invoke equitable tolling; however, "the failure of a retained attorney to file a federal social security complaint does not necessarily constitute an extraordinary circumstance warranting [such] . . . ." Torres, 417 F.3d at 280 (internal quotation marks and citations omitted); see also Baldayaque v. United States, 338 F.3d 145, 151-52 (2d Cir. 2003) (explaining "that at some point, an attorney's behavior may be so outrageous or so incompetent as to render it extraordinary."). Attorney misconduct rises to a level warranting tolling when more than ordinary, "garden variety" mistakes are made. See e.g., Dillion v. Conway, 642 F.3d 358, 363 (2d Cir. 2011) (finding extraordinary circumstances where the attorney affirmatively and knowingly mislead[s a client]" by engaging in conduct where he "willfully ignore[s] the express instructions of his client, d[oes] not conduct any legal research . . . and never sp[eaks] to the client." (citations omitted) (emphasis in original).

However, none of these circumstances are present in the instant case. Doughty fails to proffer a response outlining any reasons for his untimely filing. It seems that Doughty received the Appeals Council decision when he was unrepresented and failed to timely file the federal action pro se or retain new counsel. There have been no allegations or facts presented which would indicate that Doughty's counsel acted with any degree of misconduct or negligence. Further, there have been no contentions to suggest that Doughty did not understand what was expected for his case to continue. Doughty has failed to demonstrate that he diligently pursued his rights or that any

6

extraordinary circumstances hindered him from timely filing the instant action. Thus, equitable tolling does not apply and the sixty day time limit remains firm.

**WHEREFORE**, after due consideration being given, it is hereby

**RECOMMENDED**, the defendant's motion to dismiss (Dkt. No. 8) be **GRANTED**; and it is further

**ORDERED**, that the Clerk serve the parties in accordance with the local rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(e).

**IT IS SO ORDERED.**

Dated: August 5, 2014
       Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge